IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:24-cr-00764-BHH-2 |
| vs. | ) |
| **AHMED FATHY SHEDID** | ) |

### DEFENDANT AHMED FATHY SHEDID'S RESPONSE
### TO THE GOVERNMENT'S SENTENCING MEMORANDUM

The Defendant, Ahmed Fathy Shedid, by and through his undersigned counsel, offers the following brief response to the Government's Sentencing Memorandum.

Importantly, all parties agree that: 1) Mr. Ahmed Shedid is a primary caretaker for his very ill brother, 2) Mr. Ahmed Shedid is being held accountable for more counterfeit Viagra than his brother intended to order, and that 3) Mr. Ahmed Shedid is facing a sentence that is nearly double the national average even if he were held accountable for all the counterfeit Viagra at issue in this case. This common ground alone suggests that a downward departure or variance as requested by Mr. Ahmed Shedid in his previously filed Motion for Departure/Variance is appropriate.

It is undisputed that Mr. Ahmed Shedid and his co-Defendant brother are the primary caretakers for their gravely ill brother. As discussed in extensive detail in the previously filed Motion for Departure/Variance, this case does not involve the generic family ties and responsibilities that most defendants have; this case involves "exceptional medical situations that exacerbated the family's potential hardship." *United States v. Colp*, 249 F. Supp. 2d 740, 745 (E.D. Va. 2003). Prior to sentencing on March 13, 2025, Mr. Ahmed Shedid will provide the Court and the Government an updated medical report regarding his brother's condition from a Board Certified Neurologist.

1

Preliminarily, this neurologist has indicated that Shedid Shedid's condition constitutes an exceptional medial situation. This report will support the grave condition of Mr. Ahmed Shedid's brother and that this exceptional medical situation justifies a downward departure or variance.

Next, Mr. Ahmed Shedid's brother never intended to order more than 1,000 bottles of Viagra. The Government does not question the truthfulness of Ibrahim Shedid's statement during his polygraph examination wherein it was determined that Ibrahim Shedid was truthful about the significantly lesser quantity of Viagra he was expecting to receive. *See* Gov't Memo. at 5, 7 n.6. Importantly, this fact bears directly on intent, which is highly relevant at sentencing. *See Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993); *Tison v. Arizona*, 481 U.S. 137, 156 (1987). Mr. Ahmed Shedid is not seeking to avoid accountability for the counterfeit Viagra his brother intended to order and did order. However, this Court can and should consider the agreed-to fact that Mr. Ahmed Shedid is being held accountable for "loss" that includes pills that were never intended to be ordered or placed into the stream of commerce. This is squarely the case where "the offense level . . . substantially overstates the seriousness of the offense." U.S.S.G. § 2B1.1, App. Note 21(C); *see also United States v. Kalili*, 100 F. App'x 903, 904, 2004 WL 1336628 (4th Cir. 2004).

Finally, all parties agree with the United States Probation Office that, per the Judiciary Sentencing Information ("JSIN"), similarly situated defendants received an average sentence of thirty-nine (39) months when held accountable for an amount equal to the full overstated loss in this case, and an average sentence of ten (10) months when held accountable for the loss actually contemplated and intended in his case. *See* JSIN, U.S. Sentencing Commission, *available at* https://jsin.ussc.gov/analytics.

The approach suggested by the Government, however, would ignore this data in light of

circumstances that are virtually identical in every counterfeit case: counterfeit goods were purchased and sold. *See* Gov't Memo. at 10. This approach is flawed in two respects. One, it would read consideration of sentencing disparities out of the statute – a consideration that is required under 18 U.S.C. § 3553(a)(6) and is so important that every PSR has a section devoted to this issue. Two, the totality of the circumstances here shows a case deserving of a sentence below the national average.

As to the Government's arguments regarding counterfeit pharmaceuticals and public health risks, it is important to view this case in its proper context. The counterfeit pharmaceutical here was not an addictive pain killer, a scheduled narcotic, or an inherently dangerous drug. It was Viagra – a drug which treats erectile disfunction. Moreover, the counterfeit Viagra in this case did not contain harmful or dangerous substances. To be clear, Mr. Ahmed Shedid does not dispute that this was a federal crime that deserves punishment – but there is no evidence that the counterfeit Viagra in this case posed any grave public health risks.

Therefore, for these reasons and those previously argued in Mr. Ahmed Shedid's previously filed Motion for Departure/Variance, a departure or variance is appropriate in this case.

Respectfully submitted,

s/ Gregory P. Harris
Gregory P. Harris (#1739)
Harris & Gasser, LLC
1529 Laurel Street
Columbia, South Carolina 29201
(803) 779-7080

s/ J. Strom Thurmond, Jr.
J. Strom Thurmond, Jr. (#7244)
Young & Thurmond, LLC
P.O. Box 651
Aiken, South Carolina 29802
(803) 649-0000

s/ Jonathan S. Altman
Jonathan S. Altman (#5796)
Derfner & Altman, LLC
575 King Street, Suite B
Charleston, South Carolina 29403
(843) 723-9804

Attorneys for the Defendant Ahmed Fathy Shedid